## MADSEN IRON WORKS v. WOOD et al.
### No. 9906.

Circuit Court of Appeals, Ninth Circuit.

Jan. 29, 1943.

Rehearing Denied March 15, 1943.

R. Welton Whann and Robert M. Mc-Manigal, both of Los Angeles, Cal. (Kelly L. Taulbee, of Los Angeles, Cal., of counsel), for appellants.

Hackley & Hursh, Roy C. Hackley, Jr., and Jack E. Hursh, all of San Francisco, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a declaratory judgment which holds that the appellees have a valid patent, serial number 1,997,-957, for a feeding mechanism of a road mixing machine which the judgment also holds appellant had infringed by manufac-turing and selling a similar road mixing machine having a mechanically equivalent feeding mechanism. Since we hold that the appellees claimed patent of the feeding mechanism, whether considered alone or as attached to the mixer, has no novelty over the prior art, it is unnecessary to consider the question of appellant's infringement.

Appellees' patent purports to find invention in a feeding mechanism into a portable cylinder carried on wheels with its rounded side parallel to the road, which at its forward end receives from the feed loosened and partially pulverized earth of an existing road into the cylinder, where it is stirred and mixed with mineral oil, the earth being propelled rearward by a double worm which brings the material from its forward entrance to the rear end of the cylinder where it is redeposited.

The machines manufactured under appellees' claimed patent are of excellent mechanical structure and have had commercial success in thus improving the surfacing of dirt roads. Great stress is laid on this commercial success. One of the questions we have to consider is whether this is due to inventive novelty in its feeding mechanism, alone or in its attachment to the mixer, or due to mere mechanical excellence of the entire mixing machine as a whole having in it the application of known and established facts and principles of the prior art of mixing pulverized materials.

No novelty is claimed or could be made because the major material is road dirt or because the mixing machine is portable on a wheeled conveyance. Nor is there any novelty in the use of the rearward turning double worm in its moving along of the earth inside the cylinder while the other materials are being mixed with it; nor in the circular turning paddle blades in the mixer set at angles to give at some places a propelling forward and at others a retarding motion to aid in both mixing and moving the material to its rear exit. Nor is there novelty in the flanged scraper which gathered the earth at the forward end of the cylinder. Nor is there urged here a claim of novelty in the combination of these factors. The only claim of novelty is in the device itself and in the addition of the mechanical feed to such a mixer.

A similar road mixing cylinder also parallel to the road and transported on wheels, with road earth moved through it by revolving mechanical equivalents of the worm in the appellees' machine, was pat-

ented to one Popkess in serial number 1,-062,113. In the Popkess patent the opening through which the earth enters is on the lower face of the forward vertical cylinder head. In front of the hole is a horizontal scraper with side flanges angled downward into the pulverized earth on the road which scrapes it upwards and backwards till it comes into contact with the conveying apparatus inside the cylinder, which then carries it backward through the mixer.

Appellee Wood made a model like the Popkess machine with a similar entrance in the forward vertical end of the cylinder and concluded the earth would pile up and be pushed forward. He therefore cut the hole backward into the forward part of the under curved side of the cylinder so that the hole extended from the vertical face diagonally downward across the cylinder's forward lower end. The flanged scraper was placed at the lower end of the diagonal cut. With the hole thus diagonally cut, the lower part of the two forward blades of the rear propelling worm came in contact with the earth on the scraper and assisted in moving it backwards towards the remaining blades of the worm where the mixing process began. Upon this device, appellees' patent claims of novelty are

### Claim 4.

"* * * said rotatable conveying and mixing mechanism in the cylinder having an extension beyond the front end of the cylinder to engage with, and initially act upon, the scooped up material before it reaches the cylinder and to operate to assist in feeding said material into the cylinder as the machine progresses." [1]

There is no novelty in having a conveying device move material into a mixing machine, whether it be a worm or some' mechanical equivalent such as a series of paddles. Such a device, successive paddles on a rotating belt, is shown to move road earth over a scraper like plow into a mixer for combination with mineral oil, the whole mechanism carried over the road on wheels, in the drawing of the Murray road mixing patent, serial number 884,893. It does not constitute novelty in appellees' mechanism for feeding earth into the mixer that the mixing process to which the earth is fed is not identical with that of the appellees.

In another patent, serial number 1,332,-987, issued to Julian and Hutchings, for a stationary machine for mixing road materials, the drawing shows a worm revolving outside the cylindrical mixer and moving the material into the cylinder where a propelling and mixing device carries the earth on in the cylinder, there mixing it with the oil, the mass finally emerging at the other end. So far as concerns mechanical equivalents, it is a matter of indifference whether the earth is moved into the worm on its upper side, as in the Julian and Hutchings patent, or on its lower side as in appellees' device, or that in one case the worm feeds a stationary mixer and in the other the mixer is being moved over a road. Assuming that attaching appellees' feed to the mixing cylinder was at one time a patentable novelty, it was old in the art when appellee Wood filed his application.

---

[1] Other claims are

Claim 5

"* * * a scraper blade and a pair of gathering blades carried by the vertically adjustable frame and disposed in front of the cylinder, * * *."

Claim 7

."* * *; a conveyor carried by the shaft and disposed forwardly of the cylinder and engageable with said material for delivering it into the front end of the cylinder."

Claim 17

"* * * conveying means in front of the cylinder to engage the material and to feed the same into the cylinder, * * *."

Claim 20

"* * * a scraper on the advance end of the cylinder to scoop up the material to be treated, a screw conveyor having its forward end projecting beyond the front end of the cylinder and over the scoop and adapted to engage the scooped-up material before the latter enters the cylinder, * * *."

Claim 21

"* * * a conveyor extending through a substantial portion of the cylinder and projecting beyond the front end thereof, constructed and arranged to engage the scooped-up material to deliver it initially into the cylinder, * * *."

Claim 22

"* * * a scraper for scooping up the material from the roadway preparatory to its delivery into the cylinder as the machine progresses over the roadway, a screw conveyor within the cylinder with its forward end projecting beyond the front end of the conveyor and extending over the scraper to engage the scooped up material, * * *."

In view of this prior state of the art we are unable to see any invention in the claims of appellees' patent upon which they rely here. A long known mechanical process or device processing pulverized material does not warrant patenting because its use is commercially profitable when it is applied on similar material at a different place, even though that process or device is there to be used for the first time as a commercial success.

The decree declaring appellees' patent to be valid and that appellant has infringed is reversed.